**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

PAT EMERSON

v. C.A. No. MC 04-52ML

WEMBLEY USA, INC.; ET AL.

---

**DEFENDANTS WEMBLEY, INC.'S AND WEMBLEY USA, INC.'S MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS BY WITNESS DAN BUCCI**

---

Pursuant to F.R.C.P. 37(a)(1), Defendants Wembley, Inc. and Wembley USA, Inc. (collectively, the "Wembley Defendants"), through their attorney Kristen L. Mix of Snell & Wilmer L.L.P., respectfully submit the following Motion to Compel, stating as follows:

## I. CERTIFICATION OF CONFERENCE WITH OPPOSING COUNSEL

Pursuant to F.R.C.P. 37(a)(2)(B), undersigned counsel certifies that she conferred with opposing counsel and counsel for Mr. Bucci prior to the filing of this motion. Opposing counsel indicated that Plaintiff opposes this Motion. Counsel for Mr. Bucci failed to respond.

## II. INTRODUCTION

In her Response in Opposition to the Wembley Defendants' Motion for Summary and Motion for Partial Summary Judgment, Plaintiff asked the Court to invoke an adverse inference against Defendants on every meaningful factual allegation she has made in this case, in order to avoid summary judgment. Plaintiff's Response, at pp. 42-52, attached hereto as Exhibit C. The basis of Plaintiff's request is the deposition testimony of Dan Bucci, a former employee of either or both Wembley Defendants, who has been convicted of conspiracy to commit wire fraud in an

unrelated criminal proceeding. Exhibit B-34; 8:17-22; Exhibit A-17; 60:8-16.[1] When Plaintiff's attorneys deposed Mr. Bucci, they asked him numerous questions relating to his knowledge of Plaintiff's employment, her job duties and performance, her qualifications for the Chief Financial Officer positions, her benefits and compensation packages, Colorado CFO Jeff Goergen's qualifications, the reasons for Goergen's hiring, and Defendants' alleged retaliation against Plaintiff. Exhibit B-34; 1-56. Bucci refused to answer each and every question, on the grounds that doing so would allegedly violate his constitutional rights. Exhibit B-34; 1-56.

Plaintiff contends that Mr. Bucci's refusal to answer the questions presented entitles her to an adverse inference against the Wembley Defendants "for each of the unanswered questions in Mr. Bucci's deposition." Exhibit C, p. 44. Mr. Bucci, however, has no "reasonable cause to apprehend danger" upon giving responsive answers to Plaintiff's attorneys' questions that "would support a conviction" or "would furnish a link in the chain of evidence needed to prosecute" him for a crime. United States v. Schmidt, 816 F.2d 1477, 1481 (10th Cir. 1987). For this reason, Mr. Bucci is not entitled to assert his Fifth Amendment privilege in response to the questions asked during his deposition in this case. The Wembley Defendants therefore respectfully request that this Court enter an order compelling Mr. Bucci's deposition testimony, or, in the alternative, that this Court transfer jurisdiction over this Motion to the Honorable Judge Nottingham in the United States District Court for the District of Colorado so that he may decide this Motion within the context of the underlying lawsuit.[2]

---

[1] The exhibits referenced herein were exhibits to Defendants' Motion for Summary Judgment and Motion for Partial Summary Judgment, and Plaintiff's Response in Opposition. They are attached hereto and incorporated herein with their original exhibit letters and numbers.

[2] Pursuant to F.R.C.P. 37(a)(1), a motion to compel the testimony of a person who is not a party to the underlying action "shall be made to the court in the district where the discovery is being, or is to be, taken." Mr. Bucci is a

## III. ARGUMENT

Federal case law is clear that "[a] witness who is compelled to testify . . . has no occasion to invoke the privilege against self-incrimination until testimony sought to be elicited will in fact tend to incriminate." Brown v. United States, 356 U.S. 148, 155 (1958). Federal courts require more than a bald assertion by the deponent that self-incrimination is possible. "In order to invoke the constitutional protection under the Fifth Amendment that bars compelled self-incrimination, appellants must demonstrate that they have a 'reasonable cause to apprehend danger' upon giving a responsive answer that 'would support a conviction,' or 'would furnish a link in the chain of evidence needed to prosecute' them for a violation of the criminal statutes. Schmidt, 816 F.2d at 1481. Where a party "offer[s] no evidence or sworn statements to justify his claim that 'injurious disclosure could result' from a responsive production of the summoned documents" but instead relies on "speculative and generalized allegations of self-incrimination," the invocation of the privilege against self-incrimination is improper. Id. Recently, the Tenth Circuit held that where the deponent "has not shown that he faces a real hazard of criminal liability . . . his mere assertion of a Fifth Amendment privilege is not a valid exercise of the privilege." Bruns v. Comm'r, 98 Fed. Appx. 811, 813 (10th Cir. 2004). In addition, the First Circuit has stated that when it is clear that the witness is asserting his Fifth Amendment privilege

---

resident of Rhode Island. His deposition was taken on November 16, 2005 in the District of Rhode Island. Therefore, the Wembley Defendants have filed this Motion in the District Court for the District of Rhode Island.

Should this Court decline to resolve this discovery dispute, the Wembley Defendants ask that this Court transfer jurisdiction over this Motion to Judge Nottingham in the United States District Court for the District of Colorado, before whom the underlying action is pending. Federal courts have held that such a transfer is proper in cases such as this one, in which a motion to compel is filed in the district in which the non-party resides. See In re Digital Equipment Corp., 949 F.2d 228, 231 (8th Cir. 1991); see also Fed. R. Civ. P. 26(c) advisory committee's note ("the subdivision recognizes the power of the court in the district where a deposition is being taken to make protective orders. Such power is needed when the deposition is being taken far from the court where the action is pending. The court in the district where the deposition is being taken *may, and frequently will*, remit the deponent or party to the court where the action is pending") (emphasis added).

"as a subterfuge, the court should compel the witness to answer." In Re Brogna, 589 F.2d 24, 27 (1st Cir. 1978).

In this case, none of the questions which Mr. Bucci refused to answer could reasonably be construed to subject him to criminal liability. He has not made any showing that he will face a "real hazard of criminal liability" if he answers the questions propounded by Plaintiff's attorneys. Indeed, Mr. Bucci cannot make such a showing, because no hazard of criminal liability exists. Mr. Bucci cannot be criminally prosecuted for disclosing whether Plaintiff was part of upper management at Wembley, Inc. (Exhibit B-34, 22:14-22); whether Plaintiff's check-writing authority was ever reduced (Exhibit B-34, 25:20 – 26:5); or whether the Wembley Defendants ever paid Plaintiff one year's salary after she left her employment (Exhibit B-34, 56:12-21). These are just a few examples from Mr. Bucci's deposition, which is replete with assertions of the Fifth Amendment privilege in response to questions whose answers could not possibly be self-incriminating.

In addition, federal courts have held that where double jeopardy bars prosecution of a deponent, the deponent cannot refuse to answer questions based on the assertion of his Fifth Amendment privilege. For example, where deponents have previously been prosecuted based upon criminal activities related to a civil suit, "the position of these individuals to refuse to be deposed as to any substantive matter is surely untenable." Wilson P. Abraham Const. Co. v. Armco Steel Corp., 1979 U.S. Dist. LEXIS 8373, *5-6 (E.D. La. 1979);[3] see also In re Arizona Bakery Products Litigation, 1975 U.S. Dist. LEXIS 15707, *4-5 (D. Ariz. 1975) (where witnesses have pled *nolo contendere* to charges, and cannot thereafter be prosecuted "for those

[3] A copy of this unpublished opinion is attached hereto.

facts which they would disclose involving the charges for which they were indicted, there is no reason why they should not be made to answer the questions at the deposition);[4] In re Folding Carton Antitrust Litigation, 609 F.2d 867, 872 (7th Cir. 1979) (in evaluating the probability of prosecution in order to determine propriety of assertion of Fifth Amendment privilege, double jeopardy constitutes an "indicia of an absolute bar to subsequent prosecution").

In this case, Mr. Bucci has already been prosecuted for the crimes he committed while working for the Wembley Defendants. Double jeopardy bars any subsequent prosecution of him based on the facts he might disclose in his deposition. Therefore, there is no possibility that Mr. Bucci's testimony can subject him to criminal liability, and he should be forced to answer the questions asked.

## IV. CONCLUSION

Because Mr. Bucci has made no showing that he has the right to assert the Fifth Amendment privilege during his deposition in a civil matter unrelated to any criminal proceedings pending against him, Defendants respectfully request that the Court grant their Motion to Compel and enter an Order requiring Mr. Bucci to answer all questions asked by counsel during his November 16, 2005 deposition, or, in the alternative, that this Court transfer jurisdiction over this Motion to the Honorable Judge Nottingham in the United States District Court for the District of Colorado.

---

[4] A copy of this unpublished opinion is attached hereto.

Respectfully submitted this 16 day of February, 2006.

WEMBLEY, INC. and WEMBLEY USA, INC.
By their Attorneys,

W. Mark Russo #3937
Christopher M. Mulhearn #5188
**FERRUCCI RUSSO P.C.**
55 Pine Street, 4th Floor
Providence, RI 02903
Tel.: (401) 455-1000
Fax: (401) 455-7778

Kristen L. Mix (*Pro Hac Vice*)
SNELL & WILMER L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Telephone: (303) 634-2000
Facsimile: (303) 634-2020

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on this 16th day of February, 2006, a true and correct copy of the foregoing was served via first-class mail on the following:

Bradley N. Shefrin, Esq.
Melissa Clack, Esq.
ZUPKUS & ANGELL, PC
555 E. 8th Ave.
Denver, CO 80203
Telephone: 303-894-8948
Facsimile: 303-894-0104

Brian P. Voke, Esq.
Charles K. Mone, Esq.
Campbell, Campbell, Edwards & Conroy
One Constitution Plaza, 3rd Floor
Boston, MA 02129
Telephone: 617-241-3000
Fax: 617-241-5115

David H. Stacy, Esq.
DUCKER MONTGOMERY & ARONSTEIN, P.C.
1560 Broadway, Suite 1400
Denver, CO 80202-5151
Telephone: (303) 228-2529
Facsimile: (303) 861-4017

Anthony M. Traini, Esq.
56 Pine St.
Providence, RI 02903-2841
401-621-4700

Kristen L. Mix, Esq.
Snell & Wilmer LLP
1200 Seventeenth Street
Suite 1900
Denver, CO 80202

[signature]