**Wilson P. Abraham Construction Corp. v. Armco Steel Corp., et al.; Consolidated with State of Louisiana, et al. v. Armco Steel Corp., et al.**

**Civil Action No. 74-1899; Civil Action No. 75-317**

**United States District Court for the Eastern District of Louisiana.**

*1979 U.S. Dist. LEXIS 8373; 1980-81 Trade Cas. (CCH) P63,762*

**November 26, 1979.**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff corporation filed suit against defendants, companies and individuals, and alleged a conspiracy on behalf of defendants to divide the existing market for rebar and to fix the price of those materials. The corporation's motions (1) for discovery of grand jury transcripts; (2) to compel testimony of certain witnesses; (3) to compel interrogatory answers and production of documents; and (4) for class certification, were still pending.

**OVERVIEW:** The court referred the corporation's motions to a magistrate. Upon review of the magistrate's orders, the court affirmed his denial of the motion for discovery of grand jury transcripts, reversed his denial of the motion to compel witnesses testimony, and his reversed his sustaining defendant's objections to certain interrogatories and production of evidence. The court found, inter alia, that (1) production of grand jury transcripts was not proper where the corporation no longer had a showing of need as the basis for the request; (2) the witnesses could be deposed on substantive matters relative to the suit, within obvious limits, because their argument of Fifth Amendment privilege against self-incrimination was without merit where the statute of limitations for prosecution of the crimes had already run, and they all had either been granted use and derivative use immunity or had been prosecuted for the related criminal activities; and (3) where the court had already refused to stay discovery until the outcome of an interlocutory appeal, defendants' objections to interrogatories and production of evidence could not be sustained solely because the questions went to the case merits.

**OUTCOME:** Upon review of the magistrate's orders, the court affirmed without prejudice the magistrate's denial of the motion for discovery of grand jury transcripts, reversed his denial of the motion to compel the testimony of certain witnesses, and reversed his order sustaining defendant's objections to certain interrogatories and production of certain evidence.

**LexisNexis(R) Headnotes**

***Criminal Law & Procedure > Grand Juries > Secrecy***
[HN1] *Fed. R. Crim. P. 6(e)* permits the court to order disclosure of grand jury transcripts preliminarily to or in connection with a judicial proceeding.

***Governments > Legislation > Statutes of Limitations > Statutes of Limitations Generally***
***Governments > Legislation > Statutes of Limitations > Time Limitations***
***Criminal Law & Procedure > Criminal Offenses > Inchoate Crimes > Conspiracy***
[HN2] With regard to a continuing conspiracy, the relevant statute of limitations runs from the last overt act committed during the existence of the conspiracy.

***Civil Procedure > Discovery Methods > Oral Depositions***
***Civil Procedure > Disclosure & Discovery > Privileged Matters***
***Evidence > Privileges > Self-Incrimination Privilege***

[HN3] If a deposition is sought, the availability of the privilege against self-incrimination is not a ground for vacating the notice of the deposition. The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions he can answer without running a risk of incriminating himself. In this way a record can be made and the court can determine whether particular questions asked did entitled the deponent to claim the privilege. This language, moreover, contemplates a situation where criminal charges involving the same occurrences are presently pending against the potential deponent. Once the criminal proceeding is terminated, it appears to be accepted that the risk of incrimination is gone.

**OPINIONBY:** [*1]

HEEBE

**OPINION:**

HEEBE, J.: This Court has previously denied the motion of defendants to have plaintiff's attorney disqualified. Pending motions in the case were not addressed prior to that determination. However, we have since been urged by plaintiff to consider them at this time, even though defendants have appealed our decision on the disqualification motion to the Fifth Circuit Court of Appeals. We agree that these motions have sat undecided for long enough and feel that it is appropriate for us to address them at this time. This appears to be especially appropriate since the Fifth Cricuit has recently indicated (October 22, 1979) that the matter which is presently on appeal will be considered by the Court en banc on the question of the appealability of the decision itself, i.e., orders respecting disqualification of counsel. Although quite a few motions have been filed, the following are the ones which our records show to be properly before us for determination: (1) plaintiff's motion for discovery of grand jury transcripts; (2) plaintiff's motion to compel testimony of the following witnesses — Charles F. Jones, A. A. Boudousquie, Jr., Richard M. Johnson and John F. Bean; (3) [*2] plaintiff's motion to compel interrogatory answers and production of documents; (4) plaintiff's motion for class certification. The following additional motions have been filed but our records indicate that there has been no oral argument on them: (1) motion by Anthony P. Abraham to intervene as party plaintiff; (2) motion of plaintiff and intervenor for leave to file second joint, amended complaint; (3) second motion for class certification.

Similar to cases brought in various other states by different plaintiffs against Armco Steel Corporation and other defendant companies, this suit alleges a conspiracy on behalf of the defendants to divide the existing market for reinforcing steel materials (rebar) used in various types of construction and to fix the price of these materials.

1. Plaintiff's Motion for Discovery of Grand Jury Transcripts .

Plaintiff sought discovery of transcripts of witnesses who testified before the grand jury which returned indictments in the criminal action of United States v. Armco Steel Corp., et al., (No. 74-192 E.D. La.), pursuant to [HN1] *Rule 6(e), F.R. Cr. P.*, which permits the court to order disclosure "preliminarily to or in connection with a judicial [*3] proceeding." We now have before us a motion to review the order of the Magistrate, which denied plaintiff discovery of the requested grand jury transcripts. In their memorandum in support of review, and reversal, of the Magistrate's order, plaintiff urged the Court that production of the transcripts was necessary in order that plaintiff could properly defend defendants' Motion to Disqualify Counsel. As previously stated, this Court has ruled in plaintiff's favor on that motion. That law appears, generally, to be that "... requests for disclosure have been common... where the government has successfully prosecuted a criminal antitrust action and civil actions are subsequently commenced. The plaintiffs in such civil actions have sought access to the grand jury proceedings. Such requests have been granted, on a showing of need, in the electrical antitrust cases and other matters of similar magnitude... In other cases the court has refused to allow disclosure of grand jury proceedings for use by the plaintiff in a civil action. But to say, as an earlier case appears to, that the use in any manner in a civil proceeding against a party of records and documents obtained pursuant to [*4] a grand jury subpoena is not permissible, seems plainly too broad." Wright & Miller, 1 Federal Practice and Procedure, § 109, at 193-5. Since we no longer have a showing of need as the basis for the request, we think that the Magistrate's ruling should be upheld by us at this time without prejudice to a similar motion at some future date if it is supported by a compelling basis.

2. Plaintiff's Motion to Compel Testimony of the Following Witnesses -- Charles F. Jones, A. A. Broudousquire, Jr., Richard M. Johnson and John F. Bean

All four of the named persons whose depositions were noticed by plaintiff refused to be deposed on any substantive question put to them by plaintiff, asserting their Constitutional privilege against self-incrimination. The Magistrate upheld their refusal to be deposed on the assertion of their Fifth Amendment right. We think this position is unwarranted and hold that these persons can be deposed on substantive matters relative to this suit, within obvious limits. Boudousquie, Bean and Jones have been sentenced on a plea of nolo contendere in the criminal

action which involved the same activities out of which this civil suit arises. Johnson was granted [*5] immunity from prosecution, both "use" and "derivative use," pursuant to *18 U.S.C.A. § 6002*. Plaintiff takes the position, therefore, that Johnson is protected by the grant of federal immunity and Boudousquie, Bean and Jones are protected by freedom from double jeopardy based on their prior federal prosecution. In addition, plaintiff points out that the federal statute of limitations on further prosecution has run and that the State has clearly indicated that it intends no prosecution. Initially, although it may not have been the posture of the case at the time this motion was argued, even defendants agree that [HN2] with regard to a continuing conspiracy, as alleged here, the relevant statute of limitations runs from the last overt act committed during the existence of the conspiracy. They point out that plaintiffs have set out a conspiracy extending at least until April 23, 1974. Under the five-year period, the statute would bar a criminal prosecution as of April 24, 1979, a date which has since passed. Consequently, any criminal action arising out of offenses committed prior to that time are necessarily time-barred. Beyond this, we think that defendants treat too lightly the protections [*6] against double jeopardy and the prior grant of immunity. The position of these individuals to refuse to be deposed as to any substantive matter is surely untenable. With the running of the statute of limitations, there is a wide area for permissible interrogation. Beyond that, these individuals will have their attorneys present and they will be able to refuse to answer specific potentially objectionable questions which the Court can then rule on in a more practical, isolated manner. There is support for this position in Wright & Miller, supra at Vol. 8, § 2018, 142:

> [HN3] If a deposition is sought, the availability of the privilege [against self-incrimination] is not ground for vacating the notice of the deposition. The proper procedure is for the deponent to attend the deposition, to be sworn under oath, and to answer those questions be can answer without running a risk of incriminating himself. In this way a record can be made and the court can determine whether particular questions asked did entitled the deponent to claim the privilege.

The above-quoted language, moreover, contemplates a situation where criminal charges involving the same occurrences are presently pending [*7] against the potential deponent. Once the criminal proceeding is terminated, it appears to be accepted that the risk of incrimination is gone. Wright & Miller, supra at 153; *Iannelli v. Long, 487 F. 2d 317 (3d Cir. 1973)*, cert. denied, *414 U.S. 1040*.

3. Plaintiff's Motion to Compel Interrogatory Answers and Production of Documents

With respect to interrogatories filed on defendants, plaintiff seeks to have them ordered to answer interrogatories numbered 10 through 45, to which they ave objected. Defendants, contending that virtually all of the interrogatories and documents requested relate to the merits of this matter, object to this discovery until a decision has been rendered on the disqualification of counsel motion. In sustaining defendants' objection to the interrogatories in question, the Magistrate did not rule on the validity of defendants' objection to "merit" discovery, but did hold that only those interrogatories relating to the disqualification issue and needed by plaintiff to defend the Motion to Disqualify need be answered. Defendant takes the position that the Magistrate has not yet considered the interrogatories as they relate to the merits of the case and [*8] that plaintiff's motion to review does not even question the Magistrate's decision to pretermit the question of whether discovery as to the merits is proper at this time. They see plaintiff's sole issue on this motion as going to whether the answers to interrogatories 10 through 45 are or were needed to defend the Motion to Disqualify. We do not read plaintiff's objection to the Magistrate's ruling in the same manner. First, plaintiffs object to the Magistrate's ruling because it acts as a stay on any discovery which does not go to the disqualification issue. We agree that this is its effect and, in view of the fact that this Court has refused to stay further discovery pending the outcome of the appeal of our decision denying the Motion to Disqualify, we think that the Magistrate's decision should not stand on that basis. Plaintiff also addresses the merits. They do raise the issue that the interrogatories objected to by defendants are clearly intended to meet the facts of the case and that defendants are continuing to attempt to block general discovery. They contend that the interrogatories objected to by defendants go to the merits of the case in that they seek information [*9] on the internal structure and organization of the defendants. With more particularity, plaintiff points out that defendants have objected to interrogatories numbered 17, 22, 24, 32, 39, 42 and 43 as being vague and ambiguous. Plaintiff describes these interrogatories as dealing "with such issues as acquisitions, reports and statistical bulletins to trade associations and government entities, the existence of escalation formulas and price adjustment clauses." This is what they appear to be to this Court and we can see no reason why, since even defendants purportedly agree that they do relate to the merits of this matter, defendants should not be ordered to answer them. We see nothing in them which goes beyond the broad scope of relevant discovery generally permitted by federal district courts in civil actions.

4. Plaintiff's Motion for Class Certification .

This motion presents a problem since the resolution of its necessarily depends on the disposition of at least two of the motions which we initially pointed out have never

been the subject of oral argument. These motions are one for leave to file second joint, amended complaint and second motion for class certification. [*10] The Court is most anxious to decide the class certification issue but hesitates to do so when there has been some indication from defendants that the matter is premature since plaintiff does address the class action issue as though these motions had been granted. So that whatever decision the Court makes as to class certification will not be subject to a procedural objection, the Court thinks it is in the best interest of all parties that this matter not be decided until the motion for leave to file second joint, amended complaint, second motion for class certification and, additionally, motion by Anthony P. Abraham to intervene as party plaintiff, be argued before this Court, and further briefed if so desired. We are aware that these are the types of motions which are normally heard by a magistrate initially. However, since most motions which have been heard by a magistrate in this case eventually end up before the Court, the Court will hear these itself so that at least a small amount of time may be salvaged. Consequently, the Court will entertain oral argument on these motions on a regular civil motion day, which it will set for December 19, 1979.

In view of the foregoing, [*11]

Is [It] Is The Order Of The Court that plaintiff's motion for discovery of grand jury transcripts be, and the same is hereby, Denied the Court thereby affirming the Magistrate's ruling.

It Is The Further Order Of The Court that plaintiff's motion to compel testimony of the following witnesses — Charles F. Jones, A. A. Boudousquie, Jr., Richard M. Johnson and John F. Bean — be, and the same is hereby, Granted, the Court thereby reversing the Magistrate's ruling.

It is The Further Order Of The Court that oral argument be, and the same is hereby, Set for Wednesday, December 19, 1979, at 10:00 a.m., on the following motions: (1) motion by Anthony P. Abraham to intervene as party plaintiff; (2) motion of plaintiff and intervenor for leave to file second joint, amended complaint; (3) second motion for class certification. Folllwing submission of these motions, the Court will rule on the original motion for class certification along with resolution of these motions.