**In re Arizona Bakery Products Litigation.**

**No. CIV 74-208A PHX-CAM.**

**United States District Court for the District of Arizona.**

***1975 U.S. Dist. LEXIS 15707; 1975-2 Trade Cas. (CCH) P60,600***

**October 16, 1975.**

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** In a civil action, plaintiff claimants brought a motion to compel certain witnesses to provide answers to questions posed at their depositions, to which the witnesses refused to answer on the grounds that their answers would violate their fifth amendment privilege against self-incrimination.

**OVERVIEW:** The claimants brought a civil action against defendants. The claimants brought a motion to compel certain witnesses to answer questions posed to them during discovery. The witnesses refused to answer the questions on the grounds that their answers would violate their fifth amendment privilege against self-incrimination because there was a possibility that they would be prosecuted under the False Claims Act. The court ordered the witnesses to respond to the discovery, finding that there was no real possibility that they would be prosecuted under the False Claims Act because the witnesses plead nolo contendere to charges about which they refused to testify and therefore that the principle of double jeopardy precluded their prosecution with respect to any facts they might reveal during discovery.

**OUTCOME:** The court granted the claimants' motion to compel the witnesses to answer the questions posed to them in the course of discovery in the civil action.

**LexisNexis(R) Headnotes**

***Civil Procedure > Disclosure & Discovery > Privileged Matters***
***Evidence > Privileges > Self-Incrimination Privilege***
[HN1] While it is true that the right to assert one's privilege against self-incrimination does not depend upon the likelihood , but upon the possibility of prosecution, it is also true that the privilege against self-incrimination is not to be invoked in cases where the testimony could not possibly be used in a prosecution against the witness or where prosecution would be a mere imaginary possibility, remote, and improbable.

**COUNSEL:** [*1]

For plaintiffs: Josef D. Cooper, of cooper & Scarpulla, San Francisco, Cal., Davich and Pollock, Phoenix, Ariz., for Jimmy Jack's Drive-In, Inc. and Richard C. Widmaier et ux; Frederick P. Furth, John H. Boone, Bartholomew Lee, and Thomas R. Fahrner, Law Offices of Frederick P. Furth, San Francisco, Cal., Bluemle and Scult, Phoenix, Ariz., for Walter and Elaine Miller dba Miller's Dairyland; Divelbiss & Gage, Phoenix, Ariz., for State of Arizona; Lewis & Roca, Phoenix, Ariz., for Samaritan Health Service, et al.; Maricopa County Attorney, David B. Krom, Deputy County Atty., Phoenix, Ariz.; Daughton Feinstein & Wilson, Phoenix, Ariz., for Virgil L. Glaze and Ira H. Dailey.

For defendants: John L. Divelbess and Daniel J. McAuliffe, of Snell & Wilmer, Phoenix, Ariz., for Holsum Bakery; Harrison, Myers & Singer, Phoenix, Ariz., for Rainbo Baking Co. of Phoenix and Tucson; Carson Messinger Elliott Laughlin & Ragan, Phoenix, Ariz., for Baird's Bread Co.; Richard A. Segal, of Gust Rosenfeld Divelbiss & Henderson, Phoenix, Ariz., Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., for C. J.Patterson Co.; Richard C. Lowery, of Kirkland Ellis & Rowe, Washington, D. C.,

for Campbell [*2] Taggart, Inc.

**OPINIONBY:**

MUECKE

**OPINION:**

Order

MUECKE, D.J.: It Is Hereby Ordered that this Court, having received and considered the pleadings and memoranda in this case, finds that the witnesses are ordered to answer the questions posed to them in the course of discovery in this matter, which questions they have previously refused to answer on the grounds that their answers would violate their Fifth Amendment privilege against self-incrimination.

[HN1] While it is true that "the right to assert one's privilege against self-incrimination does not depend upon the likelihood , but upon the possibility of prosecution," *In Re Master Key Litigation , 507 F.2d 292, 293 (9th Cir. 1974),* it is also true that:

> the privilege against self-incrimination (is) not to be invoked in cases where the testimony could not possibly be used in a prosecution against the witness or where prosecution would be a mere imaginary possibility, remote and improbable. *United States v. Goodman , 289 F.2d 256, 259 (4th Cir. 1961).*

The witnesses contend that there is a possibility that they will be prosecuted under the False Claims Act *31, U.S.C. 231*-233, should they be made to answer the questions posed to them. The [*3] witnesses' reliance upon the False Claims Act is misplaced since there is no real possibility that they will be prosecuted under it.In *United States v. Bausch & Lomb Optical Co. , 131 F.2d 545, 546 (2nd Cir. 1942),* affirmed *64 S.Ct. 187,* rehearing denied *64 S.Ct. 256,* there was a conspiracy among certain bidders who bid with the Government where it was agreed that one of the bidders would get the government contract by all the other bidders bidding over the bid of the defendant, a member of the conspiracy, thereby enabling defendant to secure the government contract. The court in ruling that this was not fraud under the False Claims Act, held:

> Plainly a bidder who bids for a contract makes no representation, express or implied, as to the reasons which have led him or enabled him to put in his bid. He does indeed represent that he can perform, but he does not represent that there is an open market, or that his bid is "normal" or "reasonable", or "competitive". at 546.

This reasoning disposes of the witnesses' claims that they may be prosecuted under the False Claims Act since they did not represent that their bids were "competitive" whenever they may have made bids in government [*4] contracts.

The witnesses further claim that they may be incriminating themselves under a continuing conspiracy theory, i.e., that the conspiracy may be continuing. In the case of *United States v. Goodman , 289 F.2d 256 (4th Cir. 1961),* a witness declined to answer a question on the grounds that if he were forced to disclose the answer sought "he might be implicated in a continuing conspiracy" to evade the federal income tax law. The court held that the witness had abandoned the conspiracy and that the statute of limitations barred prosecution on that conspiracy which was abandoned. The court went on to hold:

> In the instant case there is nothing in the evidence to even suggest that the conspiracy, if it ever existed, continued beyond the termination and abandonment thereof in 1950.

The court thus compelled the witness to answer.

In this case, the conspiracy alleged was in effect abandoned and the slate washed clean since the witnesses plead nolo contendere to the charges in the indictment because the principle of double jeopardy precludes their prosecution on those allegations made in the indictment. Thus, the conspiracy alleged in the indictment, being subject to the [*5] nolo contendere pleas, would make any subsequent agreements a new conspiracy and not a continuing one. Therefore, since the witnesses cannot be prosecuted for those facts which they would disclose involving the charges for which they were indicted, there is no reason why they should not be made to answer the questions at the deposition.

As for the witnesses' claim that prosecution under the Arizona conspiracy statute is a possibility pursuant to A.R.S. 13-331, which makes it a crime for individuals to conspire to commit a crime, the deponents acknowledge that the crime in the state for which they could be convicted (conspiring to violate the state's antitrust law, as it then existed) cannot now be brought since the statute of limitations has run on any such action by the state. The witnesses claim, however, that:

> It is not the probability of conviction that justifies the claim of privilege, but the possibility of prosecution .

Thus, there is no real possibility that the state will prosecute an action barred by the statute of limitations, and if the state so attempted, the matter could promptly be disposed of by a motion to dismiss.

The Court further finds that the witnesses' [*6] other arguments concerning the possibility of prosecution deal with possibilities that are "imaginary, remote, and improb-

able." Therefore, it is ordered that the plaintiffs' motion to compel answers to interrogatories be granted.