IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAT EMERSON | : | |
| | : | |
| VS. | : | No. MC 04-52ML |
| | : | |
| WEMBLEY USA, INC., ET AL. | : | |

**DANIEL BUCCI'S OBJECTION TO MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS**

Now comes Daniel Bucci and hereby objects to Defendants' Motion To Compel Answers To Deposition Questions.

Respectfully submitted,
Daniel Bucci,
By His Attorney,

Anthony M. Traini #4793
56 Pine Street-Suite 2
Providence, RI 02903
Tel. (401) 621-4700
Fax (401) 621-5888

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2006, I served a copy of the foregoing Objection To Plaintiff's Motion To Compel by mail, postage prepaid and by facsimile upon:

| | |
|---|---|
| Melissa A. Clack, Attorney at Law<br>Robert A. Zupkus, Esquire<br>Zupkus & Angell<br>555 Eighth Avenue<br>Denver, CO 80203 | Brian P. Voke, Esquire<br>Campbell Campbell Edwards & Conroy<br>123 Dyer Street<br>Providence, RI 02903 |
| Kristen L. Mix, Attorney at Law<br>Snell & Wilmer, L.L.P.<br>1200 Seventeenth Street, Suite 1900<br>Denver, CO 80202 | W. Mark Russo, Esquire<br>Ferrucci Russo, P.C.<br>55 Pine Street, 4th Floor<br>Providence, RI 02903 |

Anthony M. Traini

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAT EMERSON | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | No. MC 04-52ML |
| | : | |
| WEMBLEY USA, INC., ET AL. | : | |
| Defendants | : | |

**DANIEL BUCCI'S MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO COMPEL ANSWERS TO DEPOSITION QUESTIONS**

The Defendants in the within action have moved to compel a third-party witness, Daniel Bucci, to respond to questions asked during his earlier deposition to which he invoked his Fifth Amendment privilege. The plaintiff in this action has objected to this request, and the witness, Mr. Bucci, objects as well.

Although the Court is familiar with the factual background of this matter, it may not be aware of the proceedings that followed the last appearance when the deposition was ordered to occur. Mr. Bucci's deposition was in fact taken on November 16, 2005, and as had been consistently represented to counsel for plaintiff and defendant, Mr. Bucci invoked his Fifth Amendment privilege to the questions asked of him. During the earlier proceedings, like Mr. Bucci, the Defendants objected to and sought to prevent Mr. Bucci's deposition. Now that the

plaintiff has requested that an adverse inference be drawn against the defendants from Mr. Bucci's invocation of the privilege, the Defendants seek to compel his answers.

Mr. Bucci objects to the Motion to Compel for several reasons.

**1. The Privilege.**

As the Court is aware, Mr. Bucci interposed his Fifth Amendment privilege to the deposition questions. Nothing has changed between the time he did that and now in terms of the applicability of the privilege. He had been convicted in this Court of certain violations of federal law, and had filed his notice of appeal. That status continues to prevail today.

Having presided over the trial, the Court is familiar with the issues that will be litigated on appeal, and without engaging in the extraneous exercise of analyzing them, Mr. Bucci's appeal is not frivolous, and raises numerous substantive issues. The Defendants have suggested that Mr. Bucci "has no reasonable cause to apprehend danger" and that his invocation of the privilege falls within the scope of cases like **United States v. Schmidt, 816 F.2d 1477, 1481 (10th Cir. 1987)** (which is clearly distinguishable on its facts).

Defendants' argument demonstrates their lack of familiarity with the criminal justice system. First of all, Mr. Bucci's risk is clearly not speculative. He has already been indicted, tried twice and convicted once by the government for matters arising entirely from his position as General Manager of Lincoln Park. Having heard the criminal case, one matter that this court can be sure of is that the basis of the government's case against both Mr. Bucci, and the corporate defendant, was grounded entirely in actions allegedly taken by Mr. Bucci from his position at Lincoln Park, and that position itself is a link in the chain of evidence needed to prosecute him in the criminal case as the government has charged it, and has twice tried it. Additionally, Mr. Bucci would be unable, without waiving his privilege, to identify any document that had any relevance to the civil case.

Second, Defendants' claim that "Mr. Bucci cannot be criminally prosecuted for disclosing whether Plaintiff was part of upper management at Wembley" for example, is specious. The test is not whether the witness can be prosecuted for an answer to a specific question, but whether anything about the answer, including evidence relating to the status or position from which the answer is given, can be used against him in a criminal prosecution.

Thirdly, the Defendants' double jeopardy argument is inconsistent with the criminal law. Mr. Bucci did not plead nolo contendere to anything and the mere fact that he was prosecuted does not implicate double jeopardy considerations [infusing with helium any precedential weight that might have ever attached to the unpublished decision in **In re Arizona Bakery Products Litigation, 1975 U.S.Dist.LEXIS 15707, *4-5 (D.Ariz.1975)**].[1] Defendants' citation to yet another unpublished case, **Wilson P. Abraham Const. Co. v. Armco Steel Corp., 1979 U.S.Dist.LEXIS 8373, *5-6 (E.D.La.1979)** is likewise frivolous. There, three of the witnesses had pled nolo contendere and the fourth had been granted immunity. Additionally, as in the Arizona case, the statute of limitations on any continuing conspiracy had expired. See footnote 2, above. Even a cursory reading of the newspaper would apprise the Defendants that Mr. Bucci was actually tried twice for the criminal offenses. Depending upon which ground of his appeal succeeds, the case may have to be tried a third

[1]Moreover, in the Arizona case, the statute of limitations on the criminal conspiracy had expired.

time, and on that particular ground, double jeopardy will not preclude a retrial.[2]

As this Court is aware, the law in the First Circuit on this issue has been, for many years, and continues to be **In re Brogna, 589 F.2d 24, 27-29 (1st Cir. 1978)**. The evidence already established here by the indictment and the two trials of Mr. Bucci's criminal case satisfy with ease all the requirements of **Brogna** and present an even more compelling case for upholding the assertion of the privilege than was presented there. In any event, given the liberal construction required of such privilege claims, there should be no question of its proper application here. **See, Hoffman v. United States, 341 U.S. 479, 486 (1951); Ullman v. United States, 350 U.S. 422, 426 (1956).**

As far as Mr. Bucci's demonstration of entitlement to the privilege is concerned, aside from the fact that it is apparent on the face of the criminal case, as the Supreme Court pointed out in **Hoffman, supra, at 341 U.S. 486-487**:

> . . . if the witness, upon interposing his claim, were required to prove the hazard in the sense in

[2]Even where a defendant in a criminal case has pled guilty and been sentenced, the privilege continues to apply as a federal conviction does not insulate one from state criminal liability. **See, United States v. Albert, 773 F.2d 386, 389 (1st Cir. 1985).**

> which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is designed to guarantee. To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.

**See also, The Pillsbury Company v. Conboy, 459 U.S. 248, 256-259 and fn. 13 (1983).**

**2. Balance of Equities.**

In this case, the Defendants originally sought to preclude Mr. Bucci's deposition, and joined in all of his arguments toward that end. Only when he was forced to be deposed and was required to invoke his Fifth Amendment privilege in the context of what is clearly not a speculative prosecution, and the plaintiff sought to take advantage of this dilemma by drawing the adverse inference, do the Defendants now want him to answer the questions. This is clearly unfair.

In the first place, the Defendants never sought to have Mr. Bucci answer any questions or to provide any information or produce any documents prior to the deposition (i.e., his invocation of the privilege). Their litigation strategy was to keep him from testifying at all, and sought to rely on him to stonewall the plaintiff,

knowing that he had a valid Fifth Amendment privilege. Allowing them to now turn the shield into a sword is a violation of Mr. Bucci's constitutional rights.

Secondly, Defendants (and Plaintiff as well, for that matter), have not made a sufficient showing that Plaintiff is entitled to have the inference drawn, and may not be able to for several reasons. First, the drawing of the inference is not mandatory at all. It is merely permissible and may just as easily not be drawn. As Judge Selya pointed out in **In Re Carp, 340 F.3d 15, 23 (1st Cir. 2003)**:

> . . . in a civil proceeding, the drawing of a negative inference is a permissible, but not an ineluctable, concomitant of a party's invocation of the Fifth Amendment. *See* *Mulero-Rodríguez v. Ponte, Inc.*, 98 F.3d 670, 678 (1st Cir.1996). While the law does not forbid adverse inferences against civil litigants who refuse to testify on Fifth Amendment grounds, *see* *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), it does not mandate such inferences. When all is said and done, the trial court has discretion over whether a negative inference is an appropriate response to the invocation of the Fifth Amendment in a particular civil case.

Secondly, the law is clear that before the inference can be drawn from invocation of the privilege, there must be some independent evidence to support the conclusion for which

the inference is sought.[3] **See**, **Doe ex rel. Rudy-Glanzer v. Glanzer**, **232 F.3d 1258, 1264 (9th Cir. 2000); United States v. Stelmokas, 100 F.3d 302, 311 (3d Cir. 1996), cert. denied, 520 U.S. 1242 (1997). See also, Butler v. Oak Creek-Franklin School District, 172 F.Supp.2d 1102, 1127 (E.D.Wis. 2001).**

And thirdly, there is a serious legal question as to whether or not an adverse inference can be drawn against a party from the invocation of the privilege by someone who is not a party to the litigation. This area of the law is unsettled at best. **See**, **LiButti v. United States, 107 F.3d 110, 120-124 (2d Cir. 1997):**

> *The district court's equivocation [as to whether to allow an adverse inference to be drawn against a party based on the assertion of the privilege by a non-party witness] is understandable in light of the undeveloped posture of the law pertaining to* ***adverse inferences*** *when* ***non-party witnesses*** *invoke the* ***Fifth Amendment*** *in civil litigation. See generally Charles H. Rabon, Jr., Note, Evening The Odds In Civil Litigation: A Proposed Methodology For Using* ***Adverse Inferences*** *When* ***Non-Party Witnesses*** *Invoke The* ***Fifth Amendment****, 42 Vand.L.Rev. 507 (1989); Dennis J. Bartlett, Note,* ***Adverse Inferences Based*** *On* ***Non-Party Invocations:*** *The Real Magic Trick In* ***Fifth Amendment*** *Civil Cases, 60 Notre Dame L.Rev. 370 (1985); Robert Heidt, The Conjurer's Circle--The*

[3]As the Court is no doubt aware, the seminal case in the area of drawing inferences from invocation of the privilege originated here in Rhode Island. **Baxter v. Palmigiano, 425 U.S. 308, 318 (1976).**

***Fifth Amendment Privilege** In Civil Cases, 91 Yale L.J. 1062 (1982)*.

In this case, that question alone is particularly complicated because while the Plaintiff obviously claims that Mr. Bucci was an agent of the Defendants at the time material to her cause of action, the Defendants no doubt contest this allegation, and again want to have it both ways. The problem here is that it is the Defendants who seek to abrogate the privilege. For example, the "most significant circumstance" in determining whether the inference should be drawn when the privilege is asserted by a non-party to the civil litigation is the "nature of the relevant relationships" including "the degree of control of the party over the non-party". **In Re Worldcom, Inc. Securities Litigation, 2005 WL 375315 (S.D.N.Y. 02/17/05)**, discussing **LiButti v. United States, supra, 107 F.3d 110**.

Here, the questions that need to be resolved concerning whether the inference can even be drawn based on Mr. Bucci's status as a non-party are complex and the whole issue is certainly not unambiguous. More clear, however, is that the Defendants who, as noted above, now seek to use Mr. Bucci as a weapon rather than a defense, may deserve to have the inference drawn against them.

It is the Defendants who have failed to make out a case that they have anything to fear from Mr. Bucci's invocation of the privilege.[4] This court, however, having sentenced Mr. Bucci to 41 months in prison, is well aware that his risk of prosecution is not speculative or imaginary at all.

Finally, there is Mr. Bucci's physical condition. Following his initial incarceration at the Federal Medical Center at Devens, he was transferred to the satellite camp facility there (in accordance with this Court's sentencing recommendation). Shortly after that transfer, Mr. Bucci suffered a massive heart attack and had to be removed to two civilian hospitals, at the second of which he underwent quadruple by-bass surgery. He has recently been returned to the medical side of the institution, and has been back to the outside hospital where his heart surgery was performed for at least one follow-up visit. He is presently still recovering from what was serious surgery, and is doing so in the confines of a prison facility, not at home with access to his family and his own medical

[4]As an additional matter, the issue of compulsion of the testimony to defeat Plaintiff's use of the inference may not even be ripe for determination unless and until there has been a ruling by the District Court in Colorado that the inference can be drawn.

personnel. The stress of his heart attack, the surgery, the recovery, and his appeal (which, if successful, may carry with it the prospect of a third trial) are, frankly, enough for him to handle. It would be unfair to impose upon him the additional burden of having to deal with the issues associated with this litigation, to which he is not even a party, particularly since there are other sources from which the information sought is available.[5]

3. **Jurisdiction**.

As a final matter, the Defendants cite **F.R.Civ.P. 37(a)(1)** in support of their claim that jurisdiction is properly in this Court (see Defendants' Motion To Compel at pp. 2-3, footnote 20, relying on the representation that Mr. Bucci is a resident of Rhode Island and that his deposition was taken here. This not true. As it happens, the only remaining connection to this jurisdiction is that the deposition was originally taken here.)

First, Mr. Bucci is not (and has never been) a resident of Rhode Island. He is and has always been a resident of Massachusetts. Second, Mr. Bucci no longer has

[5]For example, much of what the Plaintiff outlines in her Opposition to Defendants' Motion For Summary Judgment as unavailable due to Mr. Bucci's privilege claim is readily available from the transcripts of the two trials and some of the documents admitted there.

any connection with the Rhode Island entity, Lincoln Park, having resigned his position at the end of February, 2005. Third, and probably most importantly, Mr. Bucci is presently in the custody of the United States Bureau of Prisons and incarcerated in the District of Massachusetts. Therefore, this court no longer has jurisdiction over him.[6]

The Court may recall that when these proceedings were originally brought, Mr. Bucci was served with the deposition subpoena at his home in Massachusetts, and counsel moved to transfer jurisdiction of the motion to quash from the District of Massachusetts to this District because, at that time, the subpoena sought documents, as well as testimony, and the documents were located in Rhode Island. Moreover, there were three companion subpoenas,

---

[6]For example, for purposes of **28 U.S.C. §2255**, any action for relief by Mr. Bucci would have to be brought in the District of Massachusetts. The only jurisdiction remaining in this court is that of the criminal case itself, and only if it is remanded for a new trial. But any action directed toward Mr. Bucci, which would involve some type of petition for habeas corpus ad testificandum to make him available for any other proceeding, would have to be brought in the District of Massachusetts. Moreover, should the Bureau of Prisons not allow Mr. Bucci's deposition to be taken in the facility in which he is incarcerated (since it does not involve either a §2255 or a §1983 action related to his incarceration, but rather only an unrelated civil action between private parties which do not include the United States), any effort by the Defendants to accomplish this will have to be made in the District of Massachusetts, which has physical jurisdiction of the prison facility.

all of which were subject to motions to quash, issued to three attorneys in the case also seeking the production of documents, and all three attorneys as well as the documents were located in Rhode Island.

At the present time, however, all that is being sought are answers to certain questions that Mr. Bucci refused to answer at his previous deposition. There are no documents involved, no other parties or counsel involved, and there are no remaining interests in Rhode Island associated with this case. Although Mr. Bucci's counsel is located in Rhode Island, he maintains an office in Boston and has been a member of the Federal District Court Bar there for 30 years. If this matter is to be transferred, it should be not to the District of Colorado, but to the District of Massachusetts where the witness is located and from which he is (legally and physically) incapable of moving, and which is the district having jurisdiction of the witness.

WHEREFORE, Mr. Bucci respectfully requests that

1. The Defendants' Motion To Compel be denied; or

2. This matter be transferred to the District of Massachusetts.

Respectfully submitted,
Daniel Bucci,
By His Attorney,

Anthony M. Traini #4793
56 Pine Street-Suite 2
Providence, RI 02903
Tel. (401) 621-4700
Fax (401) 621-5888

**CERTIFICATE OF SERVICE**

I hereby certify that on February 27, 2006, I served a copy of the foregoing Objection To Plaintiff's Motion To Compel by mail, postage prepaid and by facsimile upon:

| | |
|---|---|
| Melissa A. Clack, Attorney at Law<br>Robert A. Zupkus, Esquire<br>Zupkus & Angell<br>555 Eighth Avenue<br>Denver, CO 80203 | Brian P. Voke, Esquire<br>Campbell Campbell Edwards & Conroy<br>123 Dyer Street<br>Providence, RI 02903 |
| Kristen L. Mix, Attorney at Law<br>Snell & Wilmer, L.L.P.<br>1200 Seventeenth Street, Suite 1900<br>Denver, CO 80202 | W. Mark Russo, Esquire<br>Ferrucci Russo, P.C.<br>55 Pine Street, 4th Floor<br>Providence, RI 02903 |

Anthony M. Traini