# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PAT EMERSON :

VS. :

WEMBLEY USA, INC., ET AL. :

No. 03-N-1793 (BNB)
U.S. District Court
District of Colorado

04 MC 10089

## DANIEL BUCCI'S MOTION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER WITH INCORPORATED MEMORANDUM OF AUTHORITIES

Daniel Bucci respectfully represents to this Honorable Court as follows:

1. On or about March 15, 2004, he was served with a subpoena to appear for deposition and produce documents in the above matter. A copy of the subpoena is attached hereto as Exhibit 1.

2. Mr. Bucci hereby objects to the subpoena in all respects, and further states that compliance with the subpoena will be unduly burdensome.

3. Mr. Bucci further objects to the subpoena on the ground that he is a defendant in a criminal proceeding presently pending in the United States District Court for the District of Rhode Island, captioned United States v. Nigel Potter, et als., CR No. 03-081-02 ML, which proceeding arises out of his employment with a corporate affiliate of the defendant in the within action, and his truthful testimony at any deposition in this matter will compromise his attorney-client, self-incrimination and common interest privileges, and cause disclosure of information created, acquired or maintained in preparation of trial in his criminal case, in violation of the work-product privilege. It is Mr. Bucci's intention, at least during the pendency of the criminal case in which he is a

defendant, to assert his constitutional privileges not to testify with respect to any and all requests made to him for information or testimony.

4. With respect to documents requested by the subpoena, Mr. Bucci further states that he is in possession of no documents that fall within the scope of the request made in the subpoena, and to the extent that any such documents exist and he has ever had them, they are now in the possession of his attorney in the criminal proceeding, Anthony M. Traini, who has himself been subjected to a subpoena to produce said documents for inspection and copying, and that any such documents have now become part of his attorney's file in his criminal case and are being used in preparation for the criminal trial.

The subpoena should also be quashed because there has been no showing that Mr. Bucci's testimony would be relevant to the allegations contained in the Plaintiff's complaint. Under Fed.R.Civ.P. 26, a party seeking to obtain discovery is limited to material that is "relevant to the claim or defense of any party" and that is "reasonably calculated to lead to the discovery of admissible evidence." Third-party subpoenas under Fed.R.Civ.P. 45 are subject to the same constraints and other limitations that apply to other methods of discovery, including the relevancy requirement of Rule 26. See Apfel v. Murphy, 70 F.R.D. 651, 655 (D.R.I. 1976) (granting motion to quash subpoena for deposition testimony and documents because "plaintiffs have not made a sufficient showing of relevancy"). Fed.R.Civ.P. 26(c) provides that, upon a showing of good cause, the presiding court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Even more pertinent, Fed.R.Civ.P. 45(c)(1) imposes upon the party issuing a subpoena a duty

to avoid imposing an undue burden or expense on the person subject to the subpoena, and Fed.R.Civ.P. 45(c)(3)(A)(iv) commands that a court "shall" quash or modify a subpoena if the subpoena "subjects a person to undue burden."

Whether a subpoena imposes an "undue burden" "depends upon such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y.1996) (quoting United States v. IBM Corp., 83 F.R.D. 97, 104 (S.D.N.Y.1979)). The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings. E.g., Salvatorie Studios Int'l v. Mako's Inc., 2001 WL 913945, at 1, 2001 U.S.Dist.LEXIS 11729, at 2 (S.D.N.Y. Aug.14, 2001) ("Rule 26(b)(1) of the Federal Rules of Civil Procedure restricts discovery to matters relevant to the claims and defenses of the parties. Here, the burden is on Mako's [who issued the subpoena] to demonstrate relevance."). Additionally, "the status of a witness as a non-party to the underlying litigation entitles [the witness] to consideration regarding expense and inconvenience." Concord Boat Corp., 169 F.R.D. at 49 (quoting Fed.R.Civ.P. 45(c)(2)(B)). Moreover, at a minimum, the Plaintiff should be required to first conduct all other discovery to determine the extent, if any, of Mr. Bucci's involvement in the activities alleged in the complaint, prior to issuing third party subpoenas. See, e.g., Liberty Mut. Ins. Co. v. Diamante, 194 F.R.D. 20, 23 (D.Mass. 2000) (granting motion to quash and stating that party issuing subpoenas should have taken steps to obtain information from opposing party prior to issuing subpoenas to third parties who had no connection with the case). Thus, even if the Court

is not inclined to quash the subpoena outright, it should revisit the issue after the completion of all other discovery in the Plaintiff's case and after Mr. Bucci's criminal trial to assess whether there has been identification of Mr. Bucci as a third party individual whose testimony may be relevant or reasonably calculated to lead to the discovery of admissible evidence, whether such information has not already been obtained elsewhere, and whether the reasons for Mr. Bucci's invocation of his various privileges are no longer applicable.

WHEREFORE, Mr. Bucci respectfully moves this Honorable Court (a) that, pursuant to the provisions of F.R.Civ.P. 45(d)(1), the subpoena be quashed; or alternatively (b) that, pursuant to the provisions of F.R.Civ.P. 26(c), a protective order issue that he not be required to be deposed until such time as (i) his constitutional privilege against self-incrimination and his attorney-client and work product privileges are no longer applicable, and (ii) the plaintiff has demonstrated that his proposed testimony is relevant and that the information sought from him is not available from any other source; and (c) such further relief as the Court deems appropriate.

**REQUEST FOR HEARING**

Mr. Bucci respectfully requests a hearing on the within motion, and has filed simultaneously herewith a Motion To Transfer the within matter to the United States District Court for the District of Rhode Island for hearing and determination.

Respectfully submitted,
DANIEL BUCCI,
By His Attorney,

Anthony M. Traini
BBO# 501560
56 Pine Street-Suite 2
Providence, RI 02903
Tel. (401) 621-4700
Fax (401) 621-5888

**CERTIFICATION PURSUANT TO LOCAL RULE**

Pursuant to Local Rule 7.1(A)(2) of this Court, I hereby certify that prior to filing the within Motion To Quash Subpoena and For Protective Order I conferred with opposing counsel and attempted, in good faith, to resolve or narrow the issues raised in the Motion.

Anthony M. Traini

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2004, I served a copy of the foregoing pleading by mail, postage prepaid, and by facsimile to 303.894.0104 upon:

Melissa A. Clack, Attorney at Law
Zupkus & Angell
555 Eighth Avenue
Denver, CO 80203

William T. Hogan, III, Esquire
66 Long Wharf
Boston, MA 02110

Anthony M. Traini

AO88 (Rev. 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

DISTRICT OF Massachusetts

Patricia Emerson
V.
Wembley USA, Inc., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] US District CO 03-N-1793 (BNB)

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

TO: Daniel Bucci
9 Terrier Rd
Medford, MA 02155-1425

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Law office of William T. Hogan, III; 66 Long Wharf, Boston, Massachusetts 02110 | 4/2/2004 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any documents in your possession, which refer to the Plaintiff by name or position or pertain to any work done by the Plaintiff or meetings, including telephone conversations, with the Plaintiff unless they violate attorney-client privilege. All employment contracts and indemnity agreements between Mr. Potter and Wembley USA, Inc. or Wembley, Inc.

| PLACE | DATE AND TIME |
|---|---|
| Law office of William T. Hogan, III; 68 Long Wharf, Boston, Massachusetts 02110 | 4/1/2004 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Melissa Clack Attorney for Plaintiff | 3-8-04 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Melissa Clack, 555 E. Eighth Ave., Denver, CO 80203 303-894-8948

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________ ______________________
DATE SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.