# Exhibit C

RECEIVED
APR 29 2004
ZUPKUS & ANGELL P.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 03-N-1793 (BNB)

PATRICIA A. EMERSON,

Plaintiff,

v.

WEMBLEY USA, INC.;
WEMBLEY INC.;
ROBERT TY HOWARD in his personal capacity; and
JEFFREY GOERGEN in his personal capacity,

Defendants.

---

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF THE DISCOVERY DEADLINE**

---

Defendants Wembley USA, Inc., Wembley Inc., and Robert Ty Howard, through their attorneys Kristen L. Mix and Danielle V. Wiletsky of Welborn Sullivan Meck & Tooley, P.C., submit the following Objection to Plaintiff's Motion for Extension of the Discovery Deadline.

1. Plaintiff seeks to extend the discovery deadline indefinitely for the purpose of obtaining documents and deposition testimony from third parties located in Rhode Island. Specifically, Plaintiff seeks deposition testimony and document production from Daniel Bucci, a former employee of one of Wembley USA, Inc.'s affiliated companies, Lincoln Park, and production of documents from three attorneys: John Tarantino, an attorney representing Lincoln Park; Anthony Traini, an attorney representing Mr. Bucci, and Leonard O'Brien, an attorney representing Nigel Potter, the former CEO of another Wembley USA, Inc. affiliated company.

2. Defendants object to Plaintiff's Motion because it lacks "good cause," as required by the Scheduling Order.

3. First, Plaintiff's Motion lacks good cause because is necessitated, in large part, on her own unexcused delay. As early as October 30, 2003, Plaintiff notified this Court that she anticipated problems in deposing Mr. Bucci because he was the subject of a Rhode Island grand jury investigation. *See Scheduling Order* at p. 9-10. Despite the Court's *Scheduling Order* establishing the discovery cut-off date of April 6, 2004, Plaintiff elected to wait four and half months to serve Mr. Bucci with a deposition subpoena on March 15, 2004 – just weeks before the discovery deadline. Plaintiff also delayed seeking production of the documents until just before the discovery deadline by issuing subpoenas for these documents in mid-March 2004. Because Plaintiff failed to act diligently to obtain the discovery she now seeks, this Court should deny her Motion.

4. Plaintiff's Motion also lacks good cause because Plaintiff is not legally entitled to the vast amount of information that she seeks and, therefore, granting the Motion would be futile. Mr. Bucci's *Motion to Quash Subpoena and for Protective Order*, and the *Objections* to the subpoenas filed by Mr. Tarantino, Mr. Traini and Mr. O'Brien, attached hereto as Exhibit A – D, are incorporated herein. As argued in these motions, Plaintiff's requests for information intrude upon the attorney-client, self-incrimination, common interest and work product privileges and impermissibly subject the recipients of the subpoenas to undue burden and expense due to the sweeping breadth of the document requests. Accordingly, Plaintiff's Motion should be denied.

Dated this 28th day of April, 2004.

Respectfully submitted,

[signature]

Kristen L. Mix, Esq.
Danielle V. Wiletsky, Esq.
*Welborn Sullivan Meck & Tooley, P.C.*
821 17th Street, Suite 500
Denver, Co 820202
(303) 830-2500

ATTORNEYS FOR DEFENDANTS
WEMBLEY USA, INC.; WEMBLEY INC.
and ROBERT TY HOWARD

## CERTIFICATE OF SERVICE

**I hereby certify that on this 28th day of April, 2004, a true and correct copy of the foregoing DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF THE DISCOVERY DEADLINE was placed in the United States mail, postage prepaid, and addressed to the following:**

Robert A. Zupkus
Bradley N. Shefrin
Melissa A. Clack
*Zupkus & Angell, P.C.*
McCourt Mansion
555 East 8th Avenue
Denver, CO 80203

David H. Stacy, Esq.
*Elzi Gurr & Stacy*
950 Seventeenth Street, Suite 1875
Denver, CO 80202

[signature]

S:\Wembley_3016\EMERSON SUIT\Pleadings\Objection_ExtensionDiscovery_042604.doc