# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAT EMERSON | : | |
| | : | No. 03-N-1793 (BNB) |
| VS. | : | U.S. District Court |
| | : | District of Colorado |
| WEMBLEY USA, INC., ET. AL. | : | |

**PLAINTIFF'S MOTION TO COMPEL SUBPOENA ISSUED TO DANIEL BUCCI OR IN THE ALTERNATIVE, MOTION TO MODIFY SUBPOENA AS JUSTICE SO REQUIRES**

Plaintiff Patricia Emerson, through counsel Zupkus and Angell, P.C., and pursuant to Fed. R. Civ. P. 37(a) and 45, states the following in support of her Motion To Compel:

## I. Background

Plaintiff is a former employee of Wembley USA, Inc. and Wembley, Inc. (collectively referred to as "Wembley"). During her employment, Plaintiff held the positions of controller and Acting CFO. Plaintiff brought this suit in 2003 against Wembley, Ty Howard, and Jeff Goergen.

Shortly before Plaintiff initiated this action, the Lincoln Park, Rhode Island Wembley operation (Lincoln Park), also known as Burrillville Racing Association, came under criminal investigation. As part of the investigation, Wembley employees were directed to gather any documents relating to Lincoln Park and send them to the attorney representing Lincoln Park, Mr. John Tarantino. Messrs. Daniel Bucci and Nigel Potter,

then-Officers and Directors of Lincoln Park, were ultimately indicted and are awaiting criminal trials.

Bucci and Potter, who are also key witnesses in this Action, are defended by attorneys Traini and O'Brien, respectively. During numerous times relevant to the claims in this Action, the Plaintiff worked and communicated with both Bucci and Potter on a regular basis. Plaintiff now claims, among other things, that the Defendants to this Action violated Title VII of the Civil Rights Act of 1964 by discriminating against her because of her gender, female, and by retaliating against her following her complaints about unlawful discrimination. Throughout discovery, Defendants, as well as current and former Wembley employees who have been deposed, have referred to several documents that were drafted by, sent from, or otherwise created by Bucci and Potter. Defendants and Defendants' witnesses have also referred to several documents that were sent to the Lincoln Park attorney, Mr. Tarantino. *See* Deposition Transcript of Karen Henke, dated March 2, 2004, portions of which are attached hereto as **Exhibit A**. The documents mentioned by the Defendants and/or Defendants' witnesses purportedly refer to the Plaintiff by name or position.

When asked to produce these documents, Defendants have stated that Wembley no longer possesses these documents. In deposition, Wembley's counsel refused to permit any testimony as to the nature and volume of documents that deponent Karen Henke compiled and sent to the Rhode Island defense attorneys. Upon information and belief, Messrs. Traini, O'Brien, and Tarantino possess these documents. Therefore, a copy of these documents, other than the copy in the possession of Messrs. Traini, O'Brien, and Tarantino, is not available. Because Messrs. Traini, O'Brien, and Tarantino

have refused to cooperate in this matter, Plaintiff's counsel issued a subpoena to each of the attorneys requesting the documents.

Plaintiff also issued a subpoena to Bucci in order to question him regarding Plaintiff's employment at Wembley and Plaintiff's claims presented in this suit. Because Plaintiff worked with Bucci at Wembley, Bucci has relevant information to Plaintiff's claims with respect to her work product, capabilities, involvement in certain projects, as well as Wembley's attitude and treatment toward the Plaintiff.

On March 26, Bucci sent Plaintiff an Objection to the Subpoena Citing several reasons why he refuses to comply with the subpoena. *See* Daniel Bucci's Motion To Quash Subpoena And For Protective Order With Incorporated Memorandum Of Authorities (Motion to Quash), page 1, ¶¶ 2-3, attached hereto as **Exhibit B**. During a Motions Hearing before the U.S. District Court for the District of Colorado, held on May 18, 2004, Plaintiff learned that Bucci's Motion to have this limited discovery dispute removed to Rhode Island was granted. Plaintiff now respectfully requests this Court to award Plaintiff attorney fees and costs related to this matter and Order Bucci to comply with the subpoena pursuant to Fed. R. Civ. P. 37(a) and 45.

## III. Standard for Limiting Discovery

Fed. R. Civ. P. 26(b)(2) states that the Court is to limit discovery only if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

> discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit...

F.R.C.P. 26(b)(2). In determining whether to enforce a subpoena, the Supreme Court and First Circuit has held that the "Federal Rules of Civil Procedure are to be construed liberally in favor of discovery." *See Hickman v. Taylor*, 329 US 495, 507 (1947). Further, the First Circuit has also held that a person seeking to quash the subpoena, rather than seeking some limited protection, has a "particularly heavy burden to make a substantial showing in support of [his] motion." *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421 (1st Cir. 1961); Fed. R. Civ. P. 45(b)(1). Because Bucci cannot sustain this burden, his Motion to Quash must be denied.

## III. Response to Mr. Bucci's Motion to Quash

### A. Privileged Information

Bucci first objects that the documents requested will violate the attorney-client and work product privileges. Despite Bucci's objection to the subpoena, the subpoena issued to Bucci specifically states that documents, which violate the attorney-client privilege are not to be produced. *See* Federal Subpoena, issued to Mr. Bucci on March 8, 2004, attached hereto as **Exhibit C**.

Bucci further objects that the documents requested may abridge his privilege against self-incrimination. Many documents requested have already been turned over to the prosecuting attorney. Therefore, with respect to those documents, no privilege exists and no interest can be abridged. Bucci further believes that Plaintiff will attempt to elicit

testimony that will incriminate him. With respect to those questions, Bucci is invited to plead the Fifth Amendment. However, a blanket Fifth Amendment objection is inappropriate. Instead, the deponent must object on a question-by-question basis. *See U.S. v. Castro*, 129 F.3d 226 (1st Cir. 1997). Plaintiff believes that she has prepared many questions for Bucci that are completely unrelated to the criminal proceeding currently pending against him. Therefore, no privilege would be abridged should Bucci answer those questions.

Also, in correspondence to Mr. Traini, attorney for Bucci, that was attached to the subpoena, Plaintiff's counsel specifically stated that they did not seek any materials that would incriminate Bucci and were not interested in the criminal matter. Plaintiff's counsel expressly stated, "the documents we seek relate specifically to the above-mentioned case and we do not believe they have a negative or inculpatory bearing on the criminal matter in which you are currently representing Daniel Bucci." *See* letter to Anthony Traini from Melissa Clack, dated March 9, 2004, attached hereto as **Exhibit D.** Because Plaintiff has not asked for any documents, which would violate a privilege and Bucci is invited to plead the Fifth Amendment when he deems necessary, Bucci's objection on this ground must fall.

**B. Mr. Bucci Has Relevant Information**

Bucci next asserts that he should not be compelled to testify because he believes that his testimony will not be relevant. It is true that the Federal Rules of Civil Procedure define the limits of discovery to require that information sought be relevant. However, Rule 26 states, "relevant information need not be admissible at the trial if the discovery

appears reasonably calculated to lead to the discovery of admissible evidence." F.R.C.P. 26(b)(1). All information sought from Bucci is reasonably calculated to lead to the discovery of admissible evidence. Further, the First Circuit has held that Rule 26 "envisions generally unrestrictive access to sources of information." *Horizons*, *supra* at 425. Therefore, the subpoena should be enforced.

Although Plaintiff was, at all times pertinent hereto, never directly placed on the payroll for Lincoln Park, Plaintiff performed certain accounting functions for Lincoln Park while employed by Wembley. In fact, all accounting functions for Lincoln Park were handled in Colorado until Lincoln Park hired its own CFO in Fall 2001. Plaintiff worked on the Lincoln Park accounting functions during the time that they were handled in Colorado. Plaintiff also traveled to Lincoln Park to assist in internal control procedures in Rhode Island. While Plaintiff performed accounting duties for Lincoln Park, both in Colorado and Rhode Island, Plaintiff directly reported to Bucci. Therefore, Bucci has relevant information regarding Plaintiff's work.

Further, Bucci was an Officer of Wembley USA, Inc and Lincoln Park as well as other Wembley entities. As such, Bucci corresponded with the Officers of Wembley USA, Inc. and Wembley, Inc. Therefore, he is likely to have information regarding Wembley's treatment of Plaintiff and information relating to her Title VII claims of gender discrimination and retaliation.

In order to properly object to a subpoena on the grounds that the information sought is irrelevant, the deponent must demonstrate that the information sought it outside the scope of the subject matter of the suit. A mere affirmation that the information sought is irrelevant, without more, "is not ground for objection… if the testimony sought

appears reasonably calculated to lead to the discovery of admissible evidence." *Horizon*, *supra* at 425. In *Horizons Titanium Corp. v. Norton Co.*, the First Circuit concluded, "the court could not accept an affidavit of counsel that, to the best of counsel's belief, [deponent] possessed no relevant evidence. This would be altogether too facile a way for a witness to avoid testifying." *Id.* Plaintiff has demonstrated, through this Motion to Compel, that the information sought from Bucci is reasonably calculated to lead to admissible evidence. Because Bucci's Motion to Quash fails to demonstrate that the information sought is irrelevant, this Motion to Compel should be granted and the subpoena should be enforced.

**C. The Subpoena Does Not Cause Undue Burden**

Bucci next argues that the subpoena would cause him undue burden. Bucci's argument is twofold: (1) Bucci argues that compliance with the subpoena would cause him to expend time and incur travel expenses; and (2) Bucci argues that Plaintiff should have first sought the information from other sources. Bucci's arguments are meritless and his Motion to Quash must be denied. Additionally, any burden imposed on Bucci is greatly outweighed by the benefit conferred on the Plaintiff.

Initially, the subpoena issued to Bucci was accompanied by a check to compensate him for his time and travel expenses. For the purposes of Bucci's deposition, Plaintiff and Plaintiff's counsel have agreed to travel to Massachusetts, Bucci's home state, to conduct the deposition. In fact, Plaintiff and Plaintiff's counsel are willing to reschedule the deposition to any location more convenient for Bucci. Rule 45(c)(3)(B) states that a subpoena may be quashed or modified where it requires the deponent to travel more than

100 miles in order to comply with the subpoena. By holding the deposition at either the initially scheduled location or any location requested by Bucci, he will not be traveling more than 100 miles. In fact, the initially requested location is less than ten (10) miles from Bucci's home address. *See* **Exhibit E**. Therefore, no undue burden is placed upon Bucci.

The Federal Rules of Civil Procedure allow for a deposition to last up to seven hours and do not consider that amount to constitute undue burden. Rule 30(a)(1) reads, "A Party may take the testimony of any person... by deposition upon oral examination." Rule 30(d)(2) further reads, "a deposition is limited to one day of seven hours." Read together, the Federal Rules of Civil Procedure allow for Plaintiff to take the deposition of any person, including Bucci, for a period of time not to exceed one day of seven hours. Plaintiff does not seek to depose Bucci for a greater length of time than seven hours. Therefore, undue burden is not placed upon Bucci because of the time he may be expected to spend at the deposition. Plaintiff has merely abided by the Federal Rules of Civil Procedure. As such, Plaintiff has not imposed any undue burden upon Bucci.

Bucci next argues that Plaintiff should have sought the information from other sources before issuing a subpoena to him. As explained in this Motion to Compel, Plaintiff has attempted repeatedly to obtain the information sought from the Defendants to this Action. However, the Defendants have been uncooperative and have obstructed Plaintiff's attempts. Plaintiff's attempts have also been obstructed by the deponents, Messrs. Bucci, Traini, O'Brien, and Tarantino.

In early 2004, Plaintiff requested that counsel for Defendants Wembley contact the attorneys for Bucci and Potter to obtain relevant documents. *See* facsimile from

Kristen Mix to Bradley Shefrin, dated January 23, 2004, attached hereto as **Exhibit F.** In response, Mr. Anthony Traini, attorney for Bucci, sent Plaintiff's counsel a letter, stating that he refuses to cooperate in discovery for this lawsuit in every manner. *See* letter from Anthony Traini to Robert Zupkus and Bradley Shefrin, dated February 3, 2004, attached hereto as **Exhibit G**. Again, on February 24, 2004, Plaintiff's counsel asked counsel for Wembley to request from Messrs. Traini and O'Brien documents relating to the Plaintiff. *See* e-mail exchange between Bradley Shefrin to Danielle Wiletsky, dated February 24, 2004, attached hereto as **Exhibit H**. Defense counsel has responded that Messrs. Traini and O'Brien are unwilling to cooperate and defense counsels' "hands are tied."

Plaintiff's attorneys attempted to contact Messrs. Traini and O'Brien on March 2, 2004 in a good faith attempt to obtain documents and information relevant to this case. On March 4, 2004, Mr. Traini returned Plaintiff's counsels' phone call only to state that he would never cooperate in any discovery for this case whatsoever. Plaintiff's attorneys have attempted to accommodate both Messrs. Traini and O'Brien by offering to hold any depositions at their respective offices. Mr. Traini expressly refused, informing Plaintiff's counsel that he would not cooperate in any discovery matter for this case regardless of how accommodating Plaintiff attempted to be.

On March 15, 2004 defense counsel offered to provide Plaintiff with an index of documents given to the Rhode Island authorities in connection with the Lincoln Park investigation, which has yet to be produced. Plaintiff's counsel requested that they view the documents themselves rather than the index. Defense counsel has not responded. *See* e-mail exchange between Bradley Shefrin and Kristen Mix, dated March 15, 2004, attached hereto as **Exhibit I**.

On March 8, 2004, Plaintiff's counsel issued subpoenas to Messrs. Traini and O'Brien, seeking production of documents related to this case. The subpoenas were served upon the individuals on March 16, 2004 and March 19, 2004 respectively. As illustrated above, Plaintiff has acted in good faith in attempting to obtain the documents requested under the subpoena. At every turn, Plaintiff's efforts have been met with trepidation.

As illustrated above, Plaintiff has attempted to obtain the information she seeks from the Defendants and other sources before issuing a subpoena to Bucci. It has become clear through her efforts that Bucci is the only individual who possesses the information Plaintiff seeks. Therefore, Bucci's Motion to Quash should be denied.

## IV. Conclusion

The subpoena is valid and should be enforced for several reasons: (1) the deposition will not violate any privilege; (2) Bucci does possesses information not only relevant, but critical to this case; and (3) no undue burden will be imposed upon Bucci. Therefore, Plaintiff respectfully asks that this Court order Bucci to comply with the subpoena.

## V. In the Alternative, Plaintiff Asks this Court to Modify the Subpoena

If, however, this Court finds that Plaintiff's subpoena issued to Bucci causes him any undue burden or violates any privilege, Plaintiff requests this Court modify the subpoena so that justice may be served.

**WHEREFORE,** the Plaintiff respectfully requests this Court to award Plaintiff attorney fees and costs related to this matter and order Bucci to comply with the subpoena and produce the documents pursuant to Fed. R. Civ. P. 37(a) and 45. If this Court does not enforce the subpoena as written, the Plaintiff respectfully requests this Court to modify the subpoena so that justice may be served. Plaintiff also requests such further relief that this Court deems just and proper.

Respectfully submitted this _____ day of May, 2004

Brian P. Voke
Campbell Campbell Edwards & Conroy
One Constituion Plaza, Third Floor
Boston, MA 02129
617-241-3000

Melissa Clack
ZUPKUS & ANGELL, P.C.
555 E. Eighth Ave.
Denver, CO 80203
303-894-8948

*Attorneys for Plaintiff Patricia Emerson*

# CERTIFICATE OF SERVICE

I hereby certify that on May _____, 2004, I served the forgoing *Plaintiff's Motion To Compel Subpoena To Produce Documents Or In The Alternative, Motion To Modify Subpoena As Justice So Requires* via facsimile or U.S. Mail, postage prepaid and address to the following:

Kristen L. Mix, Esq.
Danielle V. Wiletsky, Esq.
Welborn Sullivan Meck & Tooley, P.C.
821 17th Street, Suite 500
Denver, Co 820202

David Stacy, Esq.
Elzi Gurr & Stacy
950 17th Street, Suite 1875
Denver, CO 80202

Anthony Traini, Esq.
56 Pine Street
Providence, RI 02903

______________________________