UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAT EMERSON | : | |
| | : | |
| v. | : | M.C. No. 04-52-ML |
| | : | |
| | : | |
| WEMBLEY USA, INC., et. al. | : | |

**MEMORANDUM AND ORDER**

Lincoln D. Almond, United States Magistrate Judge

Before this Court is Wembley USA, Inc.'s ("Wembley") Motion to Compel Answers to Deposition Questions by Witness Daniel Bucci (Document No. 14). This matter has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); Local R. Cv 72(a). I have determined that no hearing is necessary. After reviewing the memoranda submitted and conducting independent research, Wembley's Motion to Compel is DENIED without prejudice to refiling in the appropriate District.

This is a miscellaneous action concerning the deposition of Daniel Bucci in a civil action pending in the District of Colorado. Mr. Bucci is a life-long Massachusetts resident formerly employed in Rhode Island by Lincoln Park, a Wembley holding. Mr. Bucci is not a party to the Colorado civil case. Mr. Bucci was deposed for the Colorado case on November 16, 2005, in Providence, Rhode Island. At the time of his deposition, Mr. Bucci had been convicted and sentenced in United States v. Potter, et al., CR No. 03-81-ML, a criminal action then pending in this Court, but he had not yet reported to serve his term of incarceration. The United States v. Potter case

is no longer before this Court as it is now pending on Mr. Bucci's appeal (No. 05-2695) before the First Circuit Court of Appeals.

During Mr. Bucci's deposition, he refused to answer most substantive questions, asserting that doing so would violate his Fifth Amendment right against self-incrimination. Wembley now moves this Court to compel Bucci to fully answer the deposition questions. Mr. Bucci is currently incarcerated at Fort Devens in Ayer, Massachusetts. For several reasons, this Court refuses to grant the Motion to Compel.

First, pursuant to Fed. R. Civ. P. 37(a)(1), "an application for an order to a person who is not a party shall be made to the court in the district where the discovery is being, or is to be, taken." As noted, the deposition of Mr. Bucci previously occurred in the District of Rhode Island presumably because his criminal case was pending here, his criminal defense attorney was located here, and his bail conditions permitted him to travel here. However, since Mr. Bucci is currently incarcerated in Massachusetts, any subsequent discovery will necessarily take place in Massachusetts. For this reason, Rule 37(a)(1) prohibits this Court from entertaining the Motion to Compel. Moreover, pursuant to Fed. R. Civ. P. 30(a)(2), the party seeking to depose a prisoner must first obtain leave of court to do so. Wembley did not request or obtain leave of this Court to further depose Mr. Bucci who is now a federal prisoner. Further, Wembley has not indicated that it has requested or obtained such leave from District Judge Nottingham who is presiding over the Colorado civil action.

Finally, Wembley requested in the alternative that this Court transfer the present Motion to Judge Nottingham in the District of Colorado. Although Wembley cites to the Advisory Committee Note to Fed. R. Civ. P. 26(c) as support for this request, the Advisory Committee Note is not law,

and has been rejected by other courts considering discovery disputes pertaining to nonparties. See In re Sealed Case, 141 F.3d 337, 343 (D.D.C. 1998) ("[t]he Rules of Civil Procedure themselves do not provide any basis for such authority, and district courts have no inherent powers to transfer.") The Court therefore declines to transfer the Motion.

**Conclusion**

For the reasons discussed above, Wembley USA, Inc.'s Motion to Compel (Document No. 14) is DENIED without prejudice to it being refiled in the appropriate District.

LINCOLN D. ALMOND
United States Magistrate Judge
March 9, 2006